# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DANIEL C. ROSECRANS,** | ) | **CASE NO. 1:17 CV 1604** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **VILLAGE OF WELLINGTON, et al.,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **AND ORDER** |

This matter is before the Court on the Motion for Partial Judgment on the Pleadings filed by Defendants, Village of Wellington ("the Village"), Timothy Barfield ("Chief Barfield"), Joshua Poling (Sgt. Poling"), and Jeffrey Shelton ("Lt. Shelton"). (Docket #7.) Defendants ask the Court to dismiss Counts III and IV of the Complaint filed by Plaintiff, Daniel C. Rosecrans ("Mr. Rosecrans") and to dismiss all claims against Chief Barfield, Sgt. Poling and Lt. Shelton.

## I.   Factual and Procedural Background.

### A.   Employment History - Past EEOC Complaints and Lawsuits.

Mr. Rosecrans was employed by the Village of Wellington as a part-time police officer from approximately 1996 until he resigned on July 31, 2015. (Complaint at Paragraphs 25 and 54.) Mr. Rosecrans states that during his tenure with the Village, he was subjected to a hostile work environment; that Village employees and/or agents engaged in conduct that was disrespectful, emotionally abusive, and intimidating relative to his age; that during his tenure he

was a loyal employee who diligently and competently worked for Defendants; that he discharged all duties assignment to him competently and enjoyed an excellent reputation with regard to the high quality of his work; and, that he was fully qualified for his position, performed the essential functions of his job within the reasonable expectations of his employer, and was a dedicated employee. (Id. at Paragraphs 20-24.)

Mr. Rosecrans states that in June 2014, when he was 47 years old, he was passed up for a full-time police officer position and that a younger, less-qualified employee was hired. (Complaint at Paragraph 15.) As a result, Mr. Rosecrans filed a Charge of Discrimination with the EEOC – alleging age discrimination, harassment, disability discrimination, and hostile work environment – and later filed a lawsuit against the Village regarding the same. (Id. at Paragraph 17.) Several months later, in October 2014, Mr. Rosecrans alleged the Village hired two younger, less-qualified police officers instead of hiring Mr. Rosecrans for a full-time position. (Id. at Paragraph 18.) Mr. Rosecrans filed a second Charge of Discrimination with the EEOC in 2015 stemming from the October 2014 hiring, and later filed a second lawsuit against the Village regarding the same. (Id. at Paragraph 19.)

**B.  Facts and Circumstances Giving Rise to the Instant Lawsuit.**

Mr. Rosecrans alleges that after he filed the two EEOC Charges and lawsuits referenced above, employees and agents of the Village, including Chief Barfield and Sgt. Poling, engaged in a pattern of conduct meant to harass, intimidate and retaliate against him. (Complaint at Paragraph 26.) Mr. Rosecrans alleges that in July 2016, he was falsely accused of not following proper scheduling procedures and that he was intentionally subjected to different and less-desirable work schedules and his hours were reduced, despite the fact that he was the part-time

police officer with the most seniority. (Id. at Paragraph 27.) Mr. Rosecrans alleges that Defendants were setting him up for discipline due to the EEOC Charges and lawsuits he had filed and that Defendants manufactured the scheduling issues in an attempt to harass, intimidate, discipline, and ultimately remove Rosecrans as a part-time officer with the Village. (Id. at Paragraph 41-42.)

As alleged in the Complaint, Chief Barfield, Sgt. Poling and Lt. Shelton held supervisory positions within the Village Police Department and supervised and managed Mr. Rosecrans during the relevant time period. (Complaint at Paragraphs 46-47.) On July 31, 2015, Chief Barfield and Sgt. Poling went to Mr. Rosecrans' home, in uniform, arriving in two police cars – one pulling into his driveway and the other parking in front of his residence. (Id. at Paragraphs 28-30.) Defendants state that Chief Barfield and Sgt. Poling went to Mr. Rosecrans' residence to discuss Mr. Rosecrans' alleged refusal to abide by the new scheduling policy which would be implemented beginning August 2015 and that Mr. Rosecrans resigned immediately upon their arrival. (Defendants' Brief in Support of Judgment on the Pleadings, Docket #7-1, at p. 1.) However, Mr. Rosecrans alleges that Chief Barfield and Sgt. Poling came to his home to intimidate and harass him and, that as a result, he felt compelled to resign. (Complaint at Paragraph 31.)

### C. Mr. Rosecrans Third EEOC Charge and the Instant Lawsuit.

Mr. Rosecrans filed a third Charge of Discrimination with the EEOC in 2016, based on what he alleges was the harassing, retaliatory, hostile, and intimidating conduct. On June 30, 2017, the EEOC sent a Notice of Right to Sue. Mr. Rosecrans filed his lawsuit in this Court on July 31, 2017, alleging Chief Barfield, Sgt. Poling and Lt. Shelton "violated his Constitutional

right to equal protection under the law in numerous ways" including but not limited to 1) "Condoning and encouraging a harassing and intimidating environment designed to remove Rosecrans as a part-time employee;" 2) "Changing scheduling procedures to specifically aggravate and intimidate Rosecrans;" 3) "Showing up at the home residence of Rosecrans with two officers ans two police officers [sic] to intimidate and scare Rosecrans;" 4) "treating Rosecrans differently and more harshly than other part-time officers;" and, 5) "Engaging in conduct designed to stifle the exercise of his rights by Rosecrans and his right to freedom of speech by posting false and/or negative comments about Rosecrans in the newspaper."

Mr. Rosecrans asserts claims for Retaliation (Count I), alleging he was retaliated against for pursuing charges and lawsuits against the Village; Hostile Work Environment (Count II), alleging he was subjected to continuous and prolonged harassment by Defendants and that other part-time officers were treated more favorably, forcing his resignation in July 2015; State Law Claims (Count III) pursuant to Ohio Rev. Code § 4112.01 et seq. for retaliation and hostile work environment; and, a claim under 42 U.S.C. § 1983 (Count IV), alleging Defendants harassed, retaliated and intimidated him and "violated the rights of Rosecrans under the color of the law."

On November 16, 2017, Defendants filed their Motion for Partial Judgment on the Pleadings. (Docket #7.) Defendants ask the Court to enter an order dismissing Counts III and IV of the Complaint and also to dismiss Chief Barfield, Sgt. Poling and Lt. Shelton as named Defendants. Specifically, Defendants argue that Mr. Rosecrans' discrimination claims under Chapter 4112 of the Ohio Revised Code are barred by the 180-day statute of limitations or, alternatively, that Mr. Rosecrans is barred from pursuing a civil action under Chapter 4112 based upon his election of remedies; that his Section 1983 claim must be dismissed because his sole and exclusive remedy arises under the Age Discrimination in Employment Act ("ADEA");

and, that because Mr. Rosecrans' sole remaining claim arises under the ADEA, which limits liability to employers and specifically excludes supervisors sued in their individual capacities, the individual Defendants must be dismissed.

Mr. Rosecrans filed his Memorandum in Opposition on December 18, 2017. (Docket #10.) Defendants filed a Reply Brief on December 21, 2017. (Docket #11.)

## II.     Standard of Review

The standard of review used by a district court to rule on a motion for judgment on the pleadings is the same as the standard used to rule on Rule 12(b)(6) motions. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. Tenn. 1998). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000). In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v.*

*City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001). It is with this standard in mind that the instant Motion must be decided.

### III. Discussion

#### A. Count III - State Law Claims

To the extent Mr. Rosecrans asserts claims for hostile work environment and retaliation pursuant to Ohio Rev. Code § 4112.02, said claims are barred by the applicable 180-day statute of limitations. The filing of an EEOC claim does not toll the statute of limitations for claims based on State law. *See Jeffery-Wolfert v. UC Health*, Case No. 1:16 CV 656, 2017 U.S. Dist. LEXIS 20685, at *10 (S.D. Ohio Feb. 14, 2017 (citing *Macklin v. Turner*, Case No. 1:03 CV 2347, 2005 U.S. Dist LEXIS 19616 (N.D. Ohio Sept. 9, 2005)). The statute of limitations began to run, at the latest, on July 31, 2015, the date Mr. Rosecrans resigned, as the facts and circumstances giving rise to the lawsuit occurred during his employment, not after. Thus, Mr. Rosecrans was required to file his Section 4112.02 claims no later than January 31, 2016. This lawsuit was not filed until July 31, 2017. Accordingly, his Section 4112.02 claims are untimely.

As acknowledged by Defendants, Mr. Rosecrans includes an allegation of constructive discharge in his Complaint. Said claim arises under Ohio Rev. Code § 4112.14 and is subject to a six-year statute of limitations. Accordingly, Mr. Rosecrans' constructive discharge claim is timely.

**B.      Count IV- 42 U.S.C. § 1983.**

In Count IV of the Complaint, Mr. Rosecrans asserts his "constitutionally protected right to equal protection under the laws as guaranteed under the Fourteenth Amendment of the United States Constitution and made enforceable through 42 U.S.C.A. § 1983." Specifically, Mr. Rosecrans alleges Defendants harassed, retaliated against and intimidated him for filing EEOC charges and lawsuits alleging age discrimination against Defendants in violation of 42 U.S.C. § 1983.

The [ADEA] provides the exclusive Federal remedy for age discrimination in employment. *Committe v. Univ. of Cincinnati*, Case No. 1:15 CV 653, 2016 U.S. Dist. LEXIS 126460, *5-6 (S.D. Ohio Aug. 24, 2016) (citing *Janes v. Bardstown City Sch. Bd. of Educ.*, 97 F.3d 1452 (6th Cir. Ky. Sept. 20, 1996)). The ADEA, 29 U.S.C.§ 623, Prohibition of age discrimination, provides, in part, as follows:

> (a)  Employer practices. It shall be unlawful for an employer--(1)  to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
>
> (2)  to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
>
> (3)  to reduce the wage rate of any employee in order to comply with this Act.

*   *   *

> (d) Opposition to unlawful practices; participation in investigations, proceedings, or litigation. It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this Act.

Accordingly, to the extent Mr. Rosecrans' Section 1983 claim is based on allegations that he was retaliated against for pursuing his age discrimination claims, the ADEA provides his exclusive Federal remedy.

Furthermore, Plaintiff has failed to sufficiently allege a Constitutional violation beyond what is covered by the ADEA. "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. Ohio 2006). In his Brief in Opposition, Mr. Rosecrans argues that while some of his "claims are based on retaliatory conduct, which would at least in part be due to Rosecrans' exercising his free speech rights and pursuing legal claims against his employer," his Section 1983 claim rests on his claim "that he was disrespected, emotionally abused, harassed and intimidated by Defendants" when "two uniformed officers, Defendants Poling and Barfield, appeared unannounced at his home in separate police vehicles in order to intimidate [him]; that he and his family felt threatened by the officers;" that the individually named Defendants "had a vendetta against [him] and used their positions at the Village of Wellington to pursue their vendetta against him; and, that "[he] felt so intimidated by the officers that he felt compelled to resign." (Plaintiff's Memorandum in

Opposition, Docket #10, at p. 4.) Mr. Rosecrans quotes language from *Florida v. Jardines*, 133 S. Ct. 1409, 1414-15 (2013), which discusses "'the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.'" *Id.* (citing *Silverman v. United States*, 365 U.S. 505, 511 (1961)).[1]

There are no facts alleged in the Complaint which would establish a violation of Mr. Rosecrans' First Amendment rights. Likewise, there are no facts alleged in the Complaint which would establish a violation of Mr. Rosecrans' Fourth Amendment rights. Mr. Rosecrans cites *Jardines,* yet nothing alleged in the Complaint rises to the level of an actionable warrantless search or entry onto Mr. Rosecrans' property, or any other Fourth Amendment violation by Defendants.

Based on the foregoing, Defendants' Motion for Judgment on the Pleadings is granted as to Count IV of Mr. Rosecrans' Complaint.

### C. Individual Defendants Barfield, Poling, and Shelton.

Mr. Rosecrans' fails to argue that his claims against individual Defendants Barfield, Poling and Shelton should not be dismissed and there are no remaining claims under which the individual Defendants could be liable.

---

[1] In *Jardines*, police took a drug-sniffing dog onto Jardines' front porch without a warrant, resulting in a positive alert for narcotics near the front door. A warrant was then obtained based on the dog's positive alert and marijuana plants were discovered inside the home. The United States Supreme Court upheld the suppression of evidence obtained during the search, finding that the government's use of trained police dogs to investigate a home and its immediate surroundings is search within the meaning of the Fourth Amendment. The front porch was a Constitutionally protected part of the home and, while an officer not armed with a warrant could approach the home and knock as any private citizen might do, introducing a trained police dog to explore the area was sufficient to establish a Fourth Amendment violation. *Jardines*, 133 S. Ct. 1409.

The ADEA makes it unlawful for employers to discriminate against individuals on the basis of age. 29 U.S.C. § 623. The Act defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the preceding calendar year . . . [and] any agent of such a person[.]" 29 U.S.C. § 630(a). The Sixth Circuit has concluded that this language does not provide for individual liability. *Sabouri v. Ohio Dep't of Educ.*, Case No. 96-4331, 1998 U.S. App. LEXIS 1638, at *5 (6th Cir. Ohio Feb. 2, 1998) (citing *Stults v. Conoco*, 76 F.3d 651, 655 (5th Cir. Tex. 1996)); *Rosecrans v. Village of Wellington*, Case No. 1:15 CV 128, 2016 U.S. Dist. LEXIS 4882, at *6-8 (N.D. Ohio Jan. 14, 2016).

Furthermore, Ohio Rev. Code § 4112.14(A) reads:

No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

Section 4112.14 applies only to "employers." *Rosecrans*, 2016 U.S. Dist. LEXIS 4882, *10-12. Accordingly, individual Defendants Barfield, Poling and Shelton are dismissed as Defendants in this case.

**IV.  Conclusion**

For the reasons stated above, the Partial Motion for Judgment on the Pleadings filed by Defendants is hereby GRANTED IN PART.

Defendants are entitled to judgment as a matter of law on Count III to the extent Mr. Rosecrans raises a claims pursuant to Ohio Rev. Code Chapter 4112.02.

Defendants are entitled to judgment as a matter of law on Count IV.

All claims against individual Defendants Barfield, Poling and Shelton are dismissed.

IT IS SO ORDERED.

                                              s/Donald C. Nugent
                                              DONALD C. NUGENT
                                              Senior United States District Judge

DATED: February 9, 2018